UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| ERNEST B. SCHLEUNING, III,<br><br>     Plaintiff,<br><br> vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner, Social Security Administration,<br><br>     Defendant. | CIV. 16-5009-JLV<br><br>ORDER |

Plaintiff Ernest B. Schleuning, III, filed a complaint appealing the final decision of Nancy A. Berryhill,[1] the Acting Commissioner of the Social Security Administration, finding him not disabled. (Docket 1). Defendant denies plaintiff is entitled to benefits. (Docket 9). The court issued a briefing schedule requiring the parties to file a joint statement of material facts ("JSMF"). (Docket 9). The parties filed their JSMF. (Docket 10). For the reasons stated below, plaintiff's motion to reverse the decision of the Commissioner (Docket 11) is granted and defendant's motion to affirm the decision of the Commissioner (Docket 13) is denied.

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 20, 2017. Pursuant to Fed. R. Civ. P. 25(d), Ms. Berryhill is automatically substituted for Carolyn W. Colvin as the defendant in all pending social security cases. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**FACTUAL AND PROCEDURAL HISTORY**

The parties' JSMF (Docket 10) is incorporated by reference. Further recitation of salient facts is incorporated in the discussion section of this order. On April 4, 2013, Mr. Schleuning filed an application for supplemental social security income ("SSI") benefits under Title XVI, alleging an onset of disability date of January 22, 2006. (Docket 10 ¶ 1). On September 30, 2014, the ALJ issued a decision finding Mr. Schleuning was not disabled. Id. ¶ 11; see also Administrative Record at pp. 16-26 (hereinafter "AR at p. ___"). The Appeals Council denied Mr. Schleuning's request for review and affirmed the ALJ's decision. (Docket 10 ¶ 13). The ALJ's decision constitutes the final decision of the Commissioner of the Social Security Administration. It is from this decision which Mr. Schleuning timely appeals.

The issue before the court is whether the ALJ's decision of September 30, 2014, that Mr. Schleuning was not "under a disability, as defined in the Social Security Act, at any time from January 22, 2006, the alleged onset date, through December 31, 2011, the date last insured" is supported by substantial evidence in the record as a whole. (AR at p. 26) (bold omitted); see also Howard v. Massanari, 255 F.3d 577, 580 (8th Cir. 2001) ("By statute, the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.") (internal quotation marks and brackets omitted) (citing 42 U.S.C. § 405(g)).

**STANDARD OF REVIEW**

The Commissioner's findings must be upheld if they are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); Choate v. Barnhart, 457 F.3d 865, 869 (8th Cir. 2006); Howard, 255 F.3d at 580. The court reviews the Commissioner's decision to determine if an error of law was committed. Smith v. Sullivan, 982 F.2d 308, 311 (8th Cir. 1992). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." Cox v. Barnhart, 471 F.3d 902, 906 (8th Cir. 2006) (internal citation and quotation marks omitted).

The review of a decision to deny benefits is "more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision . . . [the court must also] take into account whatever in the record fairly detracts from that decision." Reed v. Barnhart, 399 F.3d 917, 920 (8th Cir. 2005) (quoting Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001)).

It is not the role of the court to re-weigh the evidence and, even if this court would decide the case differently, it cannot reverse the Commissioner's decision if that decision is supported by good reason and is based on substantial evidence. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). A reviewing court may not reverse the Commissioner's decision " 'merely because substantial evidence would have supported an opposite decision.' " Reed,

3

399 F.3d at 920 (quoting Shannon v. Chater, 54 F.3d 484, 486 (8th Cir. 1995)). Issues of law are reviewed *de novo* with deference given to the Commissioner's construction of the Social Security Act.  See Smith, 982 F.2d at 311.

The Social Security Administration established a five-step sequential evaluation process for determining whether an individual is disabled and entitled to SSI benefits under Title XVI.  20 CFR § 416.920(a).[2]  If the ALJ determines a claimant is not disabled at any step of the process, the evaluation does not proceed to the next step as the claimant is not disabled.  Id.  The five-step sequential evaluation process is:

> (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment—one that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the residual functional capacity to perform . . . past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove there are other jobs in the national economy the claimant can perform.

Baker v. Apfel, 159 F.3d 1140, 1143-44 (8th Cir. 1998).  The ALJ applied the five-step sequential evaluation required by the Social Security Administration regulations.  (AR at pp. 17-19).

---

[2]The criteria under 20 CFR § 416.920 are the same under 20 CFR § 404.1520.  Boyd v. Sullivan, 960 F.2d 733, 735 (8th Cir. 1992).  All further references will be to the regulations governing disability insurance benefits, unless otherwise specifically indicated.

**STEP ONE**

At step one, the ALJ determined Mr. Schleuning had "not performed substantial gainful activity since January 22, 2006, the alleged onset of disability." Id. at p. 19 (bold omitted).

**STEP TWO**

At step two, the ALJ must decide whether the claimant has a medically determinable impairment that is severe or a combination of impairments that are severe. 20 CFR § 404.1520(c). A medically determinable impairment can only be established by an acceptable medical source. 20 CFR § 404.1513(a). Accepted medical sources include, among others, licensed physicians. Id. "It is the claimant's burden to establish that his impairment or combination of impairments are severe." Kirby v. Astrue, 500 F.3d 705, 707 (8th Cir. 2007).

The regulations describe "severe impairment" in the negative. "An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities." 20 CFR § 404.1521(a). An impairment is not severe, however, if it "amounts to only a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." Kirby, 500 F.3d at 707. Thus, a severe impairment is one which significantly limits a claimant's physical or mental ability to do basic work activities.

5

The ALJ identified Mr. Schleuning suffered from the following severe impairments: "fibromyalgia and diabetes mellitus." (AR at p. 19) (bold omitted). Mr. Schleuning does not challenge this finding. (Docket 12 at pp. 24-25).

**STEP THREE**

At step three, the ALJ determines whether claimant's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 ("Appendix 1"). 20 CFR §§ 404.1520(d), 404.1525, and 404.1526. If a claimant's impairment or combination of impairments meets or medically equals the criteria for one of the impairments listed and meets the duration requirement of 20 CFR § 404.1509, the claimant is considered disabled. At that point the Commissioner "acknowledges [the impairment or combination of impairments] are so severe as to preclude substantial gainful activity. . . . [and] the claimant is conclusively presumed to be disabled." Bowen v. Yuckert, 482 U.S. 137, 141 (1987).

The ALJ determined Mr. Schleuning did not have an impairment or combination of impairments which met or were medically equal to one of the impairments listed in Appendix 1. (AR at pp. 20-21). The ALJ concluded "[t]here is no evidence of inability to ambulate effectively as defined in section 1.00B(2)(b) or inability to perform fine and gross movements effectively as defined in section 1.00B(2)(c)." Id. at p. 21. The ALJ's reference is to the "[m]usculoskeletal [s]ystem." Appendix 1 ¶ 1.00(1)(A).

6

Mr. Schleuning objects to the ALJ's step three conclusion. (Docket 12 at pp. 25-27). He argues the ALJ failed to apply SSR 12-2P to his severe impairment, fibromyalgia. Id. The Commissioner counters that "[w]hile SSR 12-2p requires an ALJ to consider whether a claimant's fibromyalgia medically equals a listing, it does not require consideration of Listing 14.09(D)." (Docket 14 at p. 4) (emphasis in original). The Commissioner argues that since the ALJ found Mr. Schleuning's fibromyalgia did not meet Listing 1.00 for musculo-skeletal impairments, the process at step three is complete. (Docket 14 at p. 4). Finally, the Commissioner submits that "[e]ven if the ALJ is required to consider Listing 14.09(D), Schleuning has not shown harm." Id.

The introductory summary of SSR 12-2P specifically states "[t]his ruling provides guidance on how we develop evidence to establish that a person has a medically determinable impairment of fibromyalgia, and how we evaluate fibromyalgia in disability claims and continuing disability reviews under titles II and XVI of the Social Security Act." SSR 12-2P, 2012 WL 3104869, at *1. In determining how fibromyalgia is analyzed at step three of the sequential evaluation process, SSR 12-2P says fibromyalgia "cannot meet a listing in appendix 1 because [it] is not a listed impairment. At step 3, therefore, we determine whether [fibromyalgia] medically equals a listing (for example, listing 14.09D in the listing for inflammatory arthritis), or whether it medically equals a listing in combination with at least one other medically determinable impairment." Id., 2012 WL 3104869, at *6.

7

This provision is an inclusive analysis, that is, fibromyalgia will be medically equal to a listing if it meets the criteria of Listing 14.09D or another listing within Appendix 1.  SSR 12-2P does not permit an ALJ to conclude a claimant's impairment does not equal another listing, so the ALJ need not consider Listing 14.09D.  To adopt the Commissioner's interpretation would allow an ALJ to conclude claimant's fibromyalgia does not meet the criteria of, for example, Listing 1.00, musculoskeletal impairments, or Listing 11.00, multiple body system impairments, so the ALJ need not consider Listing 14.09D.  SSR 12-2P permits an ALJ to look to other listings.  If the claimant's impairment does not qualify in another listing, the ALJ must evaluate the impairment under Listing 14.09D.

This interpretation of SSR 12-2P is bolstered by Listing 1.00.  "Under this section, loss of function may be due to bone or joint deformity or destruction from any cause; miscellaneous disorders of the spine with or without radiculopathy or other neurological deficits; amputation; or fractures or soft tissue injuries, including burns, requiring prolonged periods of immobility or convalescence.  <u>The provisions of 1.02 and 1.03 notwithstanding, inflammatory arthritis is evaluated under 14.09</u> . . . ."  Appendix 1 ¶ 1.00(B)(1) (emphasis added).

Listing 14.00 addresses immune system disorders.  Appendix 1 ¶ 14.00.  Within the listing, inflammatory arthritis is included.

8

> The spectrum of inflammatory arthritis includes a vast array of disorders that differ in cause, course, and outcome.  Clinically, inflammation of major peripheral joints may be the dominant manifestation causing difficulties with ambulation or fine and gross movements; there may be joint pain, swelling, and tenderness.  The arthritis may affect other joints, or cause less limitation in ambulation or the performance of fine and gross movements. However, in combination with extra-articular features, including constitutional symptoms or signs (severe fatigue, fever, malaise, involuntary weight loss), inflammatory arthritis may result in an extreme limitation.

Appendix 1 ¶ 14.00(D)(1)(6)(a).  Inflammatory arthritis becomes a medically determinable impairment when it is coupled with:

> Repeated manifestations of inflammatory arthritis, with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and one of the following at the marked level:
>
>   1. Limitation of activities of daily living.
>
>   2. Limitation in maintaining social functioning.
>
>   3. Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

Appendix 1 ¶ 14.09(D).

It is clear the Social Security Administration intended an ALJ to evaluate fibromyalgia under Listing 14.09(D).  "Social Security Administration regulations . . . 'are binding on all components of the Administration.' "  Carter v. Sullivan, 909 F.2d 1201, 1202 (8th Cir. 1990) (citing 20 CFR § 422.408).  The "agency's failure to follow its own binding regulations is a reversible abuse of

discretion."  Id.   The ALJ's finding cannot be sustained because an error of law occurred.   Smith, 982 F.2d at 311.

This case is nearly identical to another fibromyalgia disability case in the District of South Dakota where an ALJ failed to comply with SSR 12-2P and apply Listing 14.09D.   See Jockish v. Colvin, 5:15-CV-05011, 2016 WL 1181680 (D.S.D. Mar. 25, 2016).   In Jockish, the court held "the ALJ erred . . . because he failed to consider listing 14.09D as SSR 12-2p references."  Id., 2016 WL 1181680, at *7.

The Commissioner's argument the ALJ's conclusion at step three is harmless error is without merit.   Much like Jockish, because the ALJ's analysis of Mr. Schleuning's fibromyalgia was only one conclusory sentence long, "it [is] practically impossible for a reviewing court to analyze whether the ALJ's reasoning regarding medical equivalence is sound."   Id. (internal citation and quotation marks omitted).   "Because the ALJ failed to consider the appropriate listing in Appendix 1, and due to the conclusory nature of the ALJ's analysis pertaining to medical equivalence, it is necessary to remand the case for further review."  Id.

As a result of the error at step three, the court will not address plaintiff's remaining challenges to the ALJ's decision.   The court trusts on remand the Commissioner will direct an ALJ to conduct a proceeding consistent with the requirements of the five-step sequential evaluation process for determining whether an individual is disabled.   20 CFR § 404.1520(a)(4).

**ORDER**

Based on the above analysis, it is

ORDERED that plaintiff's motion to reverse the decision of the Commissioner (Docket 11) is granted.

IT IS FURTHER ORDERED that, pursuant to sentence four of 42 U.S.C. § 405(g), the case is remanded to the Commissioner for rehearing consistent with the court's analysis.

IT IS FURTHER ORDERED that defendant's motion to affirm the decision of the Commissioner (Docket 13) is denied.

Dated March 23, 2017.

                BY THE COURT:

                /s/ *Jeffrey L. Viken*
                JEFFREY L. VIKEN
                CHIEF JUDGE