UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| ERNEST B. S., III,[1]<br><br>        Plaintiff,<br><br>  vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner, Social Security Administration,<br><br>        Defendant. | CIV. 16-5009-JLV<br><br>ORDER |

The court entered an order (1) reversing the decision of the Commissioner of the Social Security Administration ("Commissioner") denying plaintiff Ernest S.'s application for benefits, and (2) remanding the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Docket 19). Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, Catherine Ratliff, counsel for Ernest S., timely moved for an award of attorney's fees and expenses. (Docket 22). The motion seeks an award of $8,623.12 in attorney's fees, court costs of $400 and expenses of $560.50 in state and local sales tax. Id. at p. 1. Although Ms. Ratliff listed 63 hours on her log, she recognizes that number is large and seeks

---

[1]The Administrative Office of the Judiciary suggested the court be more mindful of protecting from public access the private information in Social Security opinions and orders. For that reason, the Western Division of the District of South Dakota will use the first name and last initial of every non-governmental person mentioned in the opinion. This includes the names of non-governmental parties appearing in case captions.

compensation for 47.25 hours.  (Dockets 23-1 ¶ 5 and 23-2 at p. 3).  The Commissioner does not object to an award of EAJA fees, but objects to the number of hours for which Ms. Ratliff seeks compensation.  (Docket 24).  For the reasons stated below, the court grants plaintiff's motion.

## ANALYSIS

Ms. Ratliff asks the court to set the hourly rate at $182.50, after factoring in the cost of living adjustment permitted by the EAJA.  (Docket 23-1 ¶ 3).  The Commissioner does not object to the hourly rate requested.  (Docket 24).  The EAJA sets a limit of $125 per hour for attorney's fees. 28 U.S.C. § 2412(d)(2)(A).  However, a court may award a higher hourly fee if "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  Id.  The court finds the rate of $182.50 is reasonable considering the training and experience of Ms. Ratliff in the practice of social security law.

The Commissioner seeks to reduce the number of Ms. Ratliff's billable hours to no more than 35 hours.  (Docket 24 at p. 4).  The Commissioner argues the average number of hours spent on a district court Social Security proceeding is 20 to 40.  Id. at p. 2 (referencing Coleman v. Astrue, No. C05-3045, 2007 WL 4438633, at *3 (N.D. Iowa Dec. 17, 2007)).  The Commissioner contends "nothing about the facts and issues in this matter supports a deviation from that average EAJA award . . . . "  Id.

A court has the discretion to reduce the amount of the award or deny an award "to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy."  28 U.S.C. § 2412(d)(1)(C). The court also must decide whether the hours spent by Ms. Ratliff representing Ernest S. were "reasonably expended."  See Blum v. Stenson, 465 U.S. 886, 901 (1984); 28 U.S.C. § 2412(d)(2)(A).  After reviewing Ms. Ratliff's time log (Docket 23-2) and considering the parties' arguments on this issue, the court finds certain reductions are proper.  Those reductions ultimately do not impact Ms. Ratliff's attorney's fee request as her self-imposed 15 percent reduction to 47.25 hours is less than the total hours she reasonably expended on the case.

Due to the manner in which Ms. Ratliff recorded her hours in her time log, the court finds it most helpful to aggregate the hours into four discrete categories: (1) time spent with the client or performing administrative functions and preparing the summons and complaint; (2) time spent preparing the joint statement of material facts ("JSMF") and joint statement of disputed facts ("JSDF"); (3) preparing plaintiff's motion and supporting memorandum to reverse the decision of the Commissioner; and (4) time spent preparing the motion for attorney's fees under the EAJA.

Under the first category of time, the court finds some reductions are proper.  The Commissioner argues Ms. Ratliff billed two hours for work prior

3

to filing the complaint which is not compensable under the EAJA. (Docket 24 at p. 5). The Commissioner argues this time represents administrative work prior to filing the complaint. Id. Ms. Ratliff's reply brief on EAJA fees does not contest this point. (Docket 25 at p. 2). The court finds the two hours the Commissioner highlights must be removed from EAJA consideration. See Dillon v. Berryhill, Civ. 15-5034, 2017 WL 4792226, at *2 (D.S.D. Oct. 23, 2017).

The Commissioner targets an additional .75 hours it argues represents "[p]urely clerical or secretarial tasks[,]" which are not compensable. (Docket 24 at p. 7) (citing Johnson v. Barnhart, No. 03-0054, 2004 WL 213183, at *3 (W.D. Mo. Jan. 13, 2004)). Ms. Ratliff's reply brief does not address the Commissioner's objection to including the remaining .75 hour of clerical work, so that time is removed from EAJA consideration. See Stickler v. Berryhill, Civ. 14-5087, 2017 WL 4792220, at *2 (D.S.D. Oct. 23, 2017).

Turning to the second category of time, Ms. Ratliff spent 23.25 hours preparing the JSMF and JSDF in Ernest S.'s case. (Docket 23-2 at pp. 1-2). This court requires attorneys in social security cases to submit a highly detailed JSMF and (when necessary) a JSDF. (Docket 9 at pp. 1-2). In plaintiff's case, the administrative record was extensive and involved a variety of complex medical issues. See Docket 19. Due to the lengthy and intricate administrative record, the JSMF and JSDF were substantial, totaling 51 pages. (Docket 10). Due to the level of detail the court requires

of attorneys when submitting the JSMF and JSDF, and the size of the administrative record, the court finds Ms. Ratliff reasonably expended 23.25 hours preparing the JSMF and JSDF in the case.  See Stickler, 2017 WL 4792220, at *2.

As for the third category of time, Ms. Ratliff spent 31 hours preparing plaintiff's motion and accompanying brief to reverse the decision denying him benefits.  (Docket 23-2 at pp. 2-3).  The court finds 31 hours is excessive for preparing the initial motion and memorandum after 23.25 hours was already spent preparing the JSMF and JSDF.  Because of the complex nature of the plaintiff's challenges to the Commissioner's decision, the court finds 25 hours spent preparing her motion and supporting memorandum to reverse the decision of the Commissioner is a more appropriate amount of time given the facts and complexity of the case.  See Stickler, 2017 WL 4792220, at *3.

Ms. Ratliff spent 6.25 hours reviewing the Commissioner's responsive brief and preparing plaintiff's reply brief.  (Docket 23-1 at p. 3).  The court finds this an appropriate amount of time given the facts and complexity of plaintiff's case.  See Stickler, 2017 WL 4792220, at *3.

The final category of time is the two hours Ms. Ratliff spent preparing the motion for attorney's fees.  (Docket 25 at p. 2).  The Supreme Court held that attorney's fees under the EAJA may be awarded for the time spent applying for the EAJA fee award.  Commissioner, Immigration & Naturalization Service v. Jean, 496 U.S. 154, 162 (1990).  Ms. Ratliff is

5

entitled to recover the two hours requested. See Dillon, 2017 WL 4792226, at *3.

The court finds a total of 56.5 hours were reasonably expended by Ms. Ratliff and in line with the complexity of this case. However, Ms. Ratliff only seeks an award for a total of 47.25 hours of her work, for a total attorney's fee award of $8,623.12. (Dockets 23-1 ¶ 5; 23-2 at p. 3 and 25). No objection was made to the $400 for court filing costs to be paid from the Judgment Fund pursuant to 28 U.S.C. §§ 1920 and 2412(a)(1).

**ORDER**

Based on the above analysis, it is

ORDERED that plaintiff's motion (Docket 22) is granted.

IT IS FURTHER ORDERED that plaintiff is awarded $9,183.62 comprised of $8,623.12 in attorney's fees and $560.50 in expenses representing six and one-half percent (6.5%) state and local sales tax on the attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

IT IS FURTHER ORDERED that plaintiff is entitled to $400 for court filing costs to be paid from the Judgment Fund pursuant to 28 U.S.C. §§ 1920 and 2412(a)(1).

IT IS FURTHER ORDERED that this award is without prejudice to plaintiff's right to seek attorney's fees under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provision of the Equal Access to Justice Act; however, this award shall constitute a complete release from and bar to

6

any and all other claims plaintiff may have relating to the Equal Access to Justice Act in connection with this case.

IT IS FURTHER ORDERED that under Astrue v. Ratliff, 560 U.S. 586, 595-98 (2010), Equal Access to Justice Act fees awarded by the court belong to the plaintiff and are subject to offset under the Treasury Offset Program, 31 U.S.C. § 3716(c)(3)(B).

IT IS FURTHER ORDERED that the Equal Access to Justice Act fees shall be paid to plaintiff Ernest B. S., III, but delivered to plaintiff's attorney Catherine Ratliff, Ratliff Law Office, 2006 S. Dorothy Circle, Sioux Falls, South Dakota 57106.

Dated December 10, 2018.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE